**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JASON D. STREET, | : | |
| 7357 Township Rd. 80 | : | CIVIL ACTION NO. |
| Bellville, OH 44813, | : | |
| | : | JUDGE |
| Plaintiff, | : | |
| | : | MAGISTRATE JUDGE |
| v. | : | |
| | : | |
| JOSHUA PERRY, in both his individual | : | |
| and official capacities as a Morrow County, | : | |
| OH Sheriff's Deputy, | : | |
| 101 Home Rd. | : | |
| Mt. Gilead, OH 43338, | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

**COMPLAINT**

**I.  INTRODUCTION**

1. This action arises out of the malicious prosecution of Plaintiff Jason D. Street, in violation of the common law of Ohio, Ohio Revised Code sections 2921.45 and 2307.60, and the Fourth and Fourteenth Amendments to the United States Constitution, by Defendant Joshua Perry, Deputy for the Morrow County, Ohio Sheriff's Department, in both his individual and official capacities, when he knowingly made false statements causing the filing of and prosecution of a felony drug possession charge against Plaintiff, deliberately ignoring obvious evidence demonstrating that Plaintiff was not among the two individuals in the vehicle at the traffic stop (neither of whom looked anything like Plaintiff) where the alleged controlled substance was discovered on the driver's person.

**II.  JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights); and 1367 (supplemental jurisdiction).

3. Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201; 2202; 42 U.S.C. § 1983; and the common law of the State of Ohio.

4. Compensatory and, in Defendant's individual capacity, punitive damages may be awarded under 42 U.S.C. § 1983 and the common law of the State of Ohio.

5. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988; Fed. R. Civ. P. 54; and the common law of the State of Ohio.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because Defendant Perry is located in Morrow County, Ohio and committed the unlawful acts alleged below in Mount Gilead, Ohio, located in Morrow County.

## III. PARTIES

7. Plaintiff Jason D. Street is a 52-year-old male resident of Bellville, Ohio.

8. Defendant Joshua Perry is a Sheriff's Deputy employed by the Morrow County, Ohio Sheriff's Department. At all times material to this Complaint, Defendant Perry acted under color of state law and is being sued in his official and personal capacities.

## IV. FACTS

9. On May 3, 2021, around the intersection of North Main Street and East North Street in Mount Gilead, Ohio, Defendant Perry pulled over William May for allegedly failing to use a turn signal.

10. At the time he was pulled over, Mr. May was driving a vehicle registered to his brother-in-law, Plaintiff Jason Street, with Mr. Street's nephew, Jarrod M. Street, traveling with him as a passenger,

11. Mr. May was driving Plaintiff Street's vehicle, a green 1997 Chevrolet truck, at the time with Plaintiff's permission.

12. During the stop, Defendant Perry called a patrol unit from the Mount Gilead Police Department for assistance with searching the vehicle driven by Mr. May, who consented to the search.

13. Mount Gilead Police Chief Adam Lakey arrived on scene and assisted with searching Mr. May's person while Defendant Perry searched the vehicle.

14. Chief Lakey documented in his report that Mr. May was driving the vehicle and that Mr. May was the individual that he searched.

15. Chief Lakey further alleged in his report that he found a "round metal container with screw on cap attached to [Mr. May's] key chain in his right front pants pocket" that allegedly contained "one tablet" of "methadone" for which "May claimed to be his girlfriend's methadone that he had been self medicating himself with up until five days prior."

16. Chief Lakey concluded his report stating that Defendant Perry took custody of the alleged methadone and container recovered from Mr. May.

17. After Defendant Perry conducted field sobriety tests on Mr. May, he determined that Mr. May was not impaired and did not arrest him at the time of the stop.

18. Mr. May was then permitted to leave without a citation, although Defendant Perry collected the pill recovered by Chief Lakey from Mr. May's person and sent it to the Ohio Bureau of Criminal Investigation ("BCI") for testing.

19. Defendant Perry's same-day incident report, dated May 3, 2021, included William Shane May, Jarrod M. Street, and Plaintiff Jason Street as "involved parties," presumably referring

to Mr. Street's ownership of the vehicle, given that only the two former individuals were present in the car during the stop.

20. Following the incident, Defendant Perry was aware that Plaintiff Street was only the owner of the car, and that Plaintiff Street was not present at time he pulled over Mr. May and Jarrod Street.

21. Following the incident, Defendant Perry was aware that Plaintiff Street was not in possession of any illegal or suspicious substances.

22. However, when Defendant Perry submitted the pill recovered from Mr. May's person by Chief Lakey to BCI, he falsely identified Plaintiff Street as the "suspect" on the evidence submission form, using Mr. May's address as Plaintiff's address, which was not where Plaintiff lived at the time.

23. Defendant Perry then wrote a second incident report (dated May 5, 2021, two days after the traffic stop), where he falsely stated that the "driver was identified as Jason Street", claiming that Plaintiff Street "handed [him] his license" at the time of the stop.

24. Defendant Perry did not actually receive Plaintiff's license during the stop because Plaintiff was not in the vehicle with Mr. May and his nephew.

25. Defendant Perry's report dated May 5, 2021 further referenced Chief Lakey's same-day incident report, which correctly identified Mr. May, not Plaintiff Street (who was not present during the stop), as the vehicle's driver from whom the pill was recovered, as being "attached" to his report.

26. In this second report dated May 5, 2021, Defendant Perry claimed that "[t]he pill returned from BCI testing positive for Methadone" and that he would be "submitting charges"

4

against Plaintiff Street for possession of a controlled substance for which he did not have a prescription.

27. At the time Defendant Perry wrote the May 5, 2021 report, it was demonstrably false: BCI testing was not complete until November 11, 2021, when BCI returned its analysis of the pill recovered from Mr. May's person during the traffic stop to the Morrow County Sheriff's Office.

28. Subsequently, Defendant Perry knowingly provided and/or caused to be provided false information and/or sworn testimony that Plaintiff Street was (1) present at the traffic stop; and (2) that he had been in possession of a controlled substance to the Morrow County Prosecutor's Office and a grand jury to secure Plaintiff's indictment for possession of a controlled substance, a felony of the fifth degree.

29. On January 14, 2022, a summons was issued to Mr. Street to appear before the Court of Common Pleas on February 11, 2022 due to the Indictment secured by Defendant Perry's falsified report, probable cause affidavit, and/or testimony.

30. On January 18, 2022, Plaintiff Street was sitting at home when a Morrow County Sheriff's Deputy knocked on his door and served him with a summons based upon Defendant Perry's falsified statements leading to the felony possession charge against him.

31. Mr. Street then hired an attorney, at his own expense, to defend him against these falsified charges.

32. Mr. Street was then arraigned, subjected to a recognizance bond, and required to submit to pre-trial probation requirements, including fingerprinting and drug testing, on at least three occasions.

33. Because of the falsified charges pending against him, Plaintiff Street was restricted from leaving the State of Ohio and therefore was unable to perform an out-of-state contract for services that his company was hired to complete, losing a substantial amount of money in expected revenue.

34. Following the initial indictment, Defendant Perry caused and/or permitted the prosecution of Mr. Street to continue despite his knowledge that Plaintiff Street was not guilty of the offense charged.

35. On March 30, 2022, all charges against Mr. Street were resolved entirely in his favor when the criminal charges and court costs were dismissed.

36. The charges were dismissed because it was obvious that Mr. Street was not present at the traffic stop and had not been in possession of any illegal substance.

37. Plaintiff Street and Mr. May, as well as Plaintiff and his nephew, look nothing alike.

38. For example, Plaintiff Street is bald, approximately five feet and nine inches tall, and, at the time of Mr. May's traffic stop, was fifty-years-old; his nephew, Jarrod Street, has a full head of hair that is light brown to blonde in color, is six feet and two inches tall, weighs about ten pounds less than Plaintiff Street, and, at the time of the traffic stop, was twenty-eight years old; Mr. May has a full head of brown hair, approximately five feet and ten inches tall, weighs about twenty pounds less than Plaintiff Street, and, at the time of the traffic stop, was forty-eight years old.

39. The criminal charge and prosecution against Plaintiff by the Morrow County prosecutor and law enforcement officials occurred because of the intentional and reckless violation of his rights by Defendant Perry.

40. Defendant Perry's actions, including knowingly disregarding exculpatory information and knowingly making false claims to manufacture probable cause against Plaintiff Street, were wanton, willful, reckless, in bad faith, and in knowing violation of his rights.

41. Defendant Perry's actions have caused Mr. Street loss of liberty, anxiety, anger, humiliation, reputational harm, loss of income, and stress.

42. As of the date of this filing, over one year after Defendant Perry's actions resulted in the prosecution and wrongful arrest of the wrong person, the Morrow County Sheriff's Office has still not arrested or prosecuted the alleged actual perpetrator, despite having a name, address, and birthdate for him.

43. Plaintiff Street was charged, prosecuted, and subjected to restraints on his liberty for no purpose whatsoever.

V. <u>CLAIMS FOR RELIEF</u>

    A. **FEDERAL CLAIM FOR RELIEF: VIOLATION OF CIVIL RIGHTS**

44. The preceding paragraphs are hereby incorporated and re-alleged.

45. Defendant's actions, under color of law, in initiating and persisting in the prosecution of Plaintiff without probable cause, directly causing the falsified charges, the seizure of his person, and deprivation of his liberty, violated the Fourth and Fourteenth Amendments to the U.S. Constitution.

46. Plaintiff's malicious prosecution, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, is actionable under 42 U.S.C. § 1983.

    B. **FIRST STATE CLAIM FOR RELIEF: MALICIOUS PROSECUTION**

47. The preceding paragraphs are hereby incorporated and re-alleged.

7

48. Defendant Perry's filing of and persisting in the prosecution of knowingly and recklessly falsified felony charges against Plaintiff, without probable cause and with malice, constituted malicious prosecution for which he is liable to Plaintiff.

### C. SECOND STATE CLAIM FOR RELIEF: CRIMINAL CONDUCT

49. The preceding paragraphs are hereby incorporated and re-alleged.

50. Defendant's actions described above violated Ohio Revised Code Section 2921.45, which makes it a crime for Ohio public servants to knowingly deprive, conspire, or attempt to deprive any person of a constitutional or statutory right, and Section 2921.13(A)(2), which makes it a crime for any person to knowingly make a false statement or swear or affirm to the truth of a previously made false statement with purpose to incriminate another. Such criminal conduct is actionable pursuant to Section 2307.60 of the Revised Code.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. a declaration that Defendant violated Plaintiff's civil rights under 42 U.S.C. § 1983; R.C. 2307.60; and that Defendant maliciously prosecuted him in violation of federal and Ohio law;

B. equitable relief as will make Plaintiff whole for Defendant's unlawful conduct;

C. compensatory and punitive damages (in Defendant's individual capacity) in an amount exceeding $25,000;

D. prejudgment and post-judgment interest:

E. costs and reasonable attorneys' fees; and

F. such other relief as the Court deems fair and equitable.

Respectfully submitted,

By: /s/ *Madeline J. Rettig*
Madeline J. Rettig (0098816)

8

| | |
|---|---|
| **OF COUNSEL:** | *(mrettig@marshallforman.com)*<br>John S. Marshall (0015160) |
| Louis A. Jacobs (002101) | *(jmarshall@marshallforman.com)* |
| *(LAJOhio@aol.com)* | Edward R. Forman (0076651) |
| 177 19th St., Apt. 9C | *(eforman@marshallforman.com)* |
| Oakland, CA 94612 | Samuel M. Schlein (0092194) |
| (614) 203-1255 | *(sschlein@marshallforman.com)* |
| Fax (614) 463-9780 | Helen M. Robinson (0097070) |
| | *(hrobinson@marshallforman.com)* |
| | MARSHALL FORMAN & SCHLEIN LLC |
| | 250 Civic Center Dr., Suite 480 |
| | Columbus, Ohio 43215-5296 |
| | (614) 463-9790 |
| | Fax (614) 463-9780 |

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues and defenses triable to a jury.

By: /s/ *Madeline J. Rettig*
Madeline J. Rettig (0098816)

9